UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HAPPY HOA CHUONG, LLC** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **V.** | § | Civil Action No. <u>**4:20-cv-32**</u> |
| | § | **JURY** |
| **PENN AMERICA INSURANCE** | § | |
| **COMPANY** | § | |
| *Defendant.* | § | |

---

## INDEX OF DOCUMENTS

---

1. **Plaintiff's Original Petition** (filed 09/30/19)

2. **Defendant's Original Answer** (filed 01/06/20)

3. **Defendant's Notice of Removal** (filed 01/06/20)

# EXHIBIT "A"

FILED
9/30/2019 4:13 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Donald Evans

CAUSE NO. **19-DCV-267170**

| | | |
|---|---|---|
| **HAPPY HOA CHUONG, LLC** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **PENN AMERICA INSURANCE** | § | |
| **COMPANY** | § | Fort Bend County - 268th Judicial District Court |
| *Defendant.* | § | **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION WITH
### INITIAL WRITTEN DISCOVERY

COME NOW, Plaintiff, HAPPY HOA CHUONG, LLC, and file this, Plaintiff's Original Petition against Defendant, PENN-AMERICA INSURANCE COMPANY, and, for cause of action, would respectfully show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party insurance policy dispute concerning damages attributable to Hurricane Harvey. This dispute involves complex legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will include intricate discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiff's claim, as well as and the systematic approach by Penn America Insurance Company and its Adjusters to the handling of catastrophic loss property damage claims arising from Hurricane Harvey. Plaintiff therefore, respectfully asks the Court to order that discovery be conditioned in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II.  PARTIES

2.      Plaintiff, HAPPY HOA CHUONG, LLC ("Happy HOA"), is a Texas Domestic Limited Liability Company, with property in Fort Bend County, Texas.

3.      Defendant, Penn America Insurance Company ("Penn"), is a surplus line insurance company licensed and authorized to engage in the business of insurance in the State of Texas.  Penn may be served with process by serving its designated representative for service: **Stephen Ries, Esquire, Penn America Insurance Company, Three Bala Plaza East, Suite 300, Bala Cynwyd, PA 19004.**

## III.  JURISDICTION & VENUE

4.      This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff states it seeks monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend its petition during and/or after the discovery process.

5.      This Court has personal jurisdiction over Penn because Penn is a surplus lines insurance company licensed to do business in Texas and Plaintiff's causes of action arise out of Penn's business activities in this state.

6.      Venue is proper in Fort Bend County because the insured property is located in Fort Bend County and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## IV.  FACTS

7.      Plaintiff owns commercial property at 6701 Highway 6 in Missouri City, Fort Bend County, Texas (the "Property"). Penn sold, and Plaintiff paid for, a Texas commercial lines

insurance policy (the "Policy") to protect and insure Plaintiff's property, equipment, and other items applicable to Plaintiff's Property and business.

8.      From August 25th through September 1, 2017, Hurricane Harvey swept across Texas causing widespread destruction and devastation due to extreme winds up in Fort Bend County and surrounding areas. Beginning on or about August 26, 2017, Hurricane Harvey's strong winds caused significant destruction in and around Fort Bend County, and to Plaintiff's Property, specifically.

9.      Plaintiff's Property suffered extensive wind and wind-related damage during Hurricane Harvey. Specifically, the Hurricane storm damaged the entire roof, which allowed water to penetrate its surface and cause significant interior water damage.

10.     Following Hurricane Harvey, Plaintiff promptly and timely reported its Property claim (the "Claim") with Penn under the Policy and asked Penn to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof, as well as repair of the significant interior water damage to virtually all interior surfaces and building systems.

11.     Plaintiff is entitled to these benefits under the Penn Policy as it specifically covered Plaintiff's Property for wind and wind-related damage, and specifically, hurricane damage. All of the damage to the Property was covered under the express terms of the Policy.

12.     Penn assigned Mitchell W. Ragland, an adjuster from Brush Country Claims, to perform the investigation and initial inspection of the Property on its behalf.

13.     Mr. Ragland, however, because of inadequate training or improper instruction, failed to perform a reasonable and adequate investigation of Plaintiff's Claim. In doing so, Mr. Ragland either completely missed or simply ignored damages that were present at the time of his inspection and were clearly attributable to Hurricane Harvey's powerful winds.

14. The inadequacy of Mr. Ragland's investigation and adjustment of Plaintiff's Claim is evidenced by the fact he neither adjusted for, nor included, the full scope of Plaintiff's roof damage and neglected even to address, or note, multiple rooms in the Property. Plaintiff's roof sustained extensive wind damage to its entire surface. Evidence of wind damage is readily apparent from even a casual view. The massive amount of damage to the roofing system allowed water to penetrate its surface and cause significant interior water damage, which Mr. Ragland also failed to document properly or sufficiently.

15. Although Plaintiff notified and, later, reminded Penn numerous times of the significant widespread roof damage which caused major leaks throughout the interior of the Property, Mr. Ragland failed to fully and adequately inspect the damaged areas of Plaintiff's property, including the roof, among other items and areas. Mr. Ragland's failure to record the full extent of the wind-damaged Property resulted in an improperly under-scoped and consequently undervalued estimate for repairs that Mr. Ragland submitted to Penn (the "Estimate").

16. Despite the visually damaged roof and water-damaged interior, Mr. Ragland concluded Happy HOA's claim was not covered under the Policy. Defendant failed to provide Plaintiff with a copy of Mr. Ragland's Estimate; however, as per the denial letter from Penn-America Senior Claims Examiner Robert Massaro, "Mr. Ragland's inspection revealed there was no damage to the roof..." Neither Mr. Ragland nor Penn ever explained how water can penetrate an undamaged roof or how the damage—including damage to a roof that properly repelled water prior to Hurricane Harvey—was somehow unrelated to Hurricane Harvey.

17. Following Mr. Ragland's investigation, Penn hired two engineers from Unified Building Sciences & Engineering, Inc. ("UBSE"), Richard G. Windham, P.E., and James A. Curry, to perform an additional inspection of the Property. Even so, nothing in UBSE's report identifies exactly how and/or why water was able to penetrate the roofing surface and cause the moisture-

stained ceiling tiles throughout the Property. Instead, UBSE focused in part on criticizing Plaintiff's attempt to re-roof and curtail the exact damages Mr. Ragland refused to acknowledge. UBSE also misattributes and overstates alleged statements of one Property tenant as the factual account of multiple tenants.

18.     Plaintiff contends that, upon information and belief, Penn, Mr. Ragland, and UBSE set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiff's Claim for covered damages. At minimum, Penn ratified UBSE's and Mr. Ragland's unreasonable and improper "investigations" of the Claim, resulting in Plaintiff's Claim effectively being denied in part as well as undervalued and underpaid. Plaintiff has suffered actual damages resulting from Penn's and Mr. Ragland's wrongful acts and omissions as set forth above and further described herein.

## V.  CAUSES OF ACTION

### Breach of Contract against Penn

19.     An insurance policy is considered a contract under Texas law. Penn failed to perform its contractual duties to adequately compensate Plaintiff in accordance the terms of the Policy that it wrote and sold to Plaintiff. Specifically, Penn refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Penn's conduct constitutes a breach of the insurance contract between Penn and Plaintiff.

### Non-Compliance by Penn with the Texas Insurance Code, Unfair Settlement Practices

20.     Penn's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

21.     Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Penn's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating—by way of Mr. Ragland's estimate and UBSE's report— that Plaintiff's damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiff's damages; (3) using Mr. Ragland's and UBSE's statements and conclusions about the scope, degree, and source of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiff in fact received.

22.     Penn's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(1).

23.     Penn's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

24.     Penn failed to explain to Plaintiff the reasons for failing to include all covered damages in its evaluation and/or payment(s) on the Claim.   Furthermore, Penn did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiff's loss, nor did it provide any explanation for the failure to adequately settle Plaintiff's Claim.  Penn's conduct is a violation of the Texas Insurance Code.  Tex. Ins. Code §541.060(a)(3).

25.     Although promptly reported by Plaintiff to Penn, Penn did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's damages, both exterior and interior. Penn's unfair settlement practice, as described above, of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### Non-Compliance by Penn with the Texas Insurance Code, Prompt Payment of Claims Act

26.     Penn's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

27.     Penn's failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiff's Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

28.     Penn's conduct constitutes a breach of the common law duty of good faith and fair dealing that a Texas insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

29.     Penn's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, despite the fact that at the very same time, Penn knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of Penn's duty of good faith and fair dealing to Plaintiff, which is both non-delegable and

continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

FRAUD

30.     Defendant is liable to Plaintiff for common law fraud.

31.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as it did, and which Defendant knew was false or made recklessly without any knowledge of their truth as a positive assertion.

32.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

CONSPIRACY TO COMMIT FRAUD

33.     Defendant is liable to Plaintiff for conspiracy to commit fraud.  Defendant was a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendant committed an unlawful, overt act to further the object or course of action.  Plaintiff suffered injury as a proximate result.

VI.  <u>KNOWLEDGE</u>

34.     All of the acts described above, together and singularly, were done "knowingly" as that term is used in the TEXAS INSURANCE CODE and were a producing cause of Plaintiff's damages described herein.

## VII.  CONDITIONS PRECEDENT

35.     All conditions precedent to Plaintiff's claims for relief have been performed or have occurred and/or Defendant waived the same. This includes, but is not limited to, providing notice pursuant to TEXAS INSURANCE CODE 542A and pre-litigation alternative dispute resolution, if any.

## VIII.  DAMAGES

36.     Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

37.     As previously mentioned, Plaintiff's covered losses have not been properly addressed or paid, which has prevented Plaintiff from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiff. These damages and losses are a direct result of Defendant's mishandling of Plaintiff's Claim in violation of the terms of the Policy at issue and of the laws set forth above.

38.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain with respect to its purchase of the Policy, which is the amount of its Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

39.     For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, interest, and attorneys' fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiff is entitled to, and does hereby, seek recovery of three times its actual damages. TEX. INS. CODE §541.152.

40.     For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiff is entitled to interest on the amount of the Claim as damages at the rate determined under TEX. INS. CODE §542.060, together with reasonable and necessary attorneys' fees.

41.     For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Penn's breach of its Duty, such as additional costs, diminution in value, economic hardship, additional losses resulting from nonpayment of the amount owed, and exemplary damages.

42.     For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the attorneys and law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

### IX.  JURY DEMAND

43.     Plaintiff requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Fort Bend County, Texas. Plaintiff hereby tenders the appropriate jury fee.

### X.  DISCOVERY REQUESTS TO DEFENDANT

#### Request for Disclosure

44.     Pursuant to Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose, within 50 days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

#### Request for Production

45.     Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby requested to produce, within 50 days of service of this petition and incorporated request, the documents and tangible items in the list attached hereto as "Exhibit A."

### Interrogatories

46.     Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby requested to answer, within 50 days of service of this petition and incorporated request, the interrogatories attached hereto as "Exhibit A."

### Request for Admissions

47.     Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby requested to admit or deny, in writing, within 50 days of service of this petition and incorporated request, the propositions of fact and/or law attached hereto as "Exhibit A."

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which it may show itself to be justly entitled.

Respectfully submitted,

WILLIAMS HART BOUNDAS EASTERBY LLP
By: /s/ Sean H. McCarthy
        Sean H. McCarthy
        State Bar No. 24065706
        P. Griffin Bunnell
        State Bar No. 24080815
        8441 Gulf Freeway, Ste 600
        Houston, TX 77017
        Telephone: 713-230-2200
        Fax: 713-643-6226
        Email: smccarthy@whlaw.com
        Email: gbunnell@whlaw.com

**AND**

**THE COOK LAW FIRM, PLLC**
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas  77074
Tel. (713) 401-2890
Facsimile: (713) 643-6226
Email: acc@texinsurancelaw.com

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| HAPPY HOA CHUONG, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| PENN AMERICA INSURANCE | § | |
| COMPANY | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

Plaintiff in the above-styled and numbered cause requests that Defendant:, Allstate Texas Lloyd's (1) respond to the Request for Disclosure fully in writing within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (4) answer the Requests for Admissions separately and fully in writing within 50 days of service; (5) serve your answers to these Requests for Production, Interrogatories, and Requests for Admissions on Plaintiff by and through her attorney of record:

Sean McCarthy
Williams Hart Boundas Easterby LLC
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

and (6) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at Williams Hart Boundas Easterby LLC.

You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a.     You know the response made was incorrect or incomplete when made; or



EXHIBIT "A"

b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

**WILLIAMS HART BOUNDAS EASTERBY LLP**
By: */s/ Sean H. McCarthy*
    Sean H. McCarthy
    State Bar No. 24065706
    P. Griffin Bunnell
    State Bar No. 24080815
    8441 Gulf Freeway, Ste 600
    Houston, TX 77017
    Telephone: 713-230-2200
    Fax: 713-643-6226
    Email: smccarthy@whlaw.com
    Email: gbunnell@whlaw.com

**AND**

**THE COOK LAW FIRM, PLLC**
    Andrew C. Cook
    State Bar No. 24057481
    7324 Southwest Freeway, Suite 585
    Houston, Texas  77074
    Tel. (713) 401-2890
    Facsimile: (713) 643-6226
    Email: acc@texinsurancelaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.

*/s/ Sean H. McCarthy*
Sean H. McCarthy

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

### DEFINITIONS AND INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.   The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person). The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

D.   The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

E.   "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

F.   If you claim that any document which is required to be identified or produced by you in any response is privileged:

   1.   Identify the document's title and general subject matter;
   2.   State its date;
   3.   Identify all persons who participated in its preparation;
   4.   Identify the persons for whom it was prepared or to whom it was sent;
   5.   State the nature of the privilege claimed; and
   6.   State in detail each and every fact upon which you base your claim for privilege.

G.  "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

H.  "Property" means the property defined in the Petition.

I.  "Policy" means the insurance policy identified in the Petition.

J.  The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

K.  In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

1.  His or her name;
2.  His or her last known business and residence address and telephone number; and
3.  His or her business affiliation or employment at the date of the transaction, event or matter referred to.

L.  In each instance where you are asked to identify a document, state with respect to each document:

1.  The type of document;
2.  The general subject matter of the document;
3.  The date of the document;
4.  The names and addresses of the authors and recipients of the document;
5.  The location of the document;
6.  The identity of the person who has possession or control of the document;
7.  Whether the document has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

M.  If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

N.  "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

## INTERROGATORIES TO DEFENDANT

1.    Identify all persons and/or entities who had any part and/or involvement in any way on behalf of Defendant with the insurance claim described in the Petition and describe the involvement each person had (i.e., field adjuster, desk adjuster, claims analyst, etc.).

**ANSWER:**

## REQUESTS FOR PRODUCTION TO DEFENDANT

1.     The following insurance documents issued for the Property as identified in the Petition:

     a.   the Policy at issue for the date of loss as identified in the Petition; and
     b.   the Policy declarations page for the 3 years preceding the storm.

**RESPONSE:**


2.     The entire, unaltered, un-redacted, original and complete claims file relating the Plaintiffs' claim that made the basis of the lawsuit.  Please produce ESI in the same format in which it was maintained in the ordinary course of business.  This request encompasses all documents and ESI comprising the entire claim file that is in Defendants' possession, custody, and/or control.  **Please note this request seeks production of the original claim file.**

**RESPONSE:**


3.     Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue.  This request is limited to the past 5 years.  To the extent Defendant contends that any damage is older than 5 years, produce that underwriting file or document Defendant generated prior to the origination of the damage.

**RESPONSE:**


4.     All documents relating to the condition of the Property or damages of the Property.

**RESPONSE:**


5.     All documents relating to the condition of the Property prior to the August 27, 2017 date of loss, including but not limited to any prior underwriting or renewal inspections.

**RESPONSE:**


6.     All documents evidencing the policies, procedures, guidelines, or best practices that defendant requires its employees, agents, or contractors to follow when adjusting the type of claim here, i.e., wind and hail property damage.

**RESPONSE:**

7.   For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, review by, or prepared for the testifying expert.

**RESPONSE:**

8.   Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**RESPONSE:**

9.   To the extent Defendant answers to the Plaintiffs' First Interrogatories implicate Tex. R. Civ. P. 197.2(c) (Option to Produce Business Records), please produce any and all documents referenced, specified, and/or identified in those interrogatory responses. Please produce ESI in the same format in which it was maintained in the ordinary course of business.

**RESPONSE:**

## FIRST SET OF REQUESTS FOR ADMISSIONS

1.     Admit Plaintiffs submitted the claim for storm damage identified in the Petition within the deadlines proscribed by the Policy.

**RESPONSE:**

2.     Admit Plaintiffs fully complied with all contractual obligations imposed by the Policy.

**RESPONSE:**

3.     Admit that Defendant should assist its policyholders with their insurance claims.

**RESPONSE:**

4.     Admit that Defendant must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

**RESPONSE:**

5.     that Defendant should treat its policyholders interests equal to their own.

**RESPONSE:**

6.     Admit that Defendant performed an inspection of the Property before issuing the Policy.

**RESPONSE:**

7.     Admit that Defendant performed an inspection of the Property within 60 days of issuing the Policy.

**RESPONSE:**

8.     Admit that Defendant did not inspect the Property prior to issuing the Policy.

**RESPONSE:**

9.     Admit that Defendant did not inspect the Property within 60 days of issuing the Policy.

**RESPONSE:**

10.     Admit that Defendant did not inspect the Property prior to renewing the Policy for policy period covering the August 27, 2017 claim.

**RESPONSE:**

11.     Admit that Defendant did not inspect the Property within 60 days of renewing the Policy for policy period covering the August 27, 2017 claim.

**RESPONSE:**

12.     Admit that Defendant did inspect the Property prior to August 27, 2017.

**RESPONSE:**

13.     Admit that Defendant did not inspect the Property prior to August 27, 2017.

**RESPONSE:**

| From: | No-Reply@eFileTexas.gov |
|---|---|
| To: | Brenda Edwards |
| Subject: | Filing Accepted for Case: 19-DCV-267170: Happy Hoa Chuong LLC vs Penn America Insurance Company; Envelope Number: 37248462 |
| Date: | Tuesday, October 1, 2019 7:37:17 AM |



# Filing Accepted

**Envelope Number: 37248462**
**Case Number: 19-DCV-267170**
**Case Style: Happy Hoa Chuong LLC vs**
**Penn America Insurance Company**

The filing below was reviewed and has been accepted by the clerk's office. You may access the file stamped copy of the document filed by clicking on the below link.

| Filing Details | |
|---|---|
| **Court** | Fort Bend County - District Clerk |
| **Case Number** | 19-DCV-267170 |
| **Case Style** | Happy Hoa Chuong LLC vs Penn America Insurance Company |
| **Date/Time Submitted** | 9/30/2019 4:13 PM CST |
| **Date/Time Accepted** | 10/1/2019 7:36 AM CST |
| **Accepted Comments** | |
| **Filing Type** | EFile |
| **Filing Description** | Plaintiff's Original Petition with Initial Written Discovery |
| **Activity Requested** | Petition |
| **Filed By** | Brenda Edwards |
| **Filing Attorney** | Sean McCarthy |

| Document Details | |
|---|---|
| **Lead Document** | 20190930 PLT petition-org w-EXH A.pdf |
| **Lead Document Page Count** | 21 |
| **File Stamped Copy** | Download Document |
| This link is active for 30 days. | |

**Please Note:** If you have not already done so, be sure to add yourself as a service contact on this case in order to receive eService.



For technical assistance, contact your service provider
Need Help? Help
Visit: https://efiletexas.gov/contacts.htm
Email: support@eFileTexas.gov

Please do not reply to this email. It was automatically generated.

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**
**NON-RESIDENT**
**CITATION**

TO:   **PENN AMERICA INSURANCE COMPANY**
**REGISTERED AGENT STEPHEN RIES**
**THREE BALA PLAZA EAST SUITE 300**
**CYNWYD PA  19004**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION WITH INITIAL WRITTEN DISCOVERY** filed on **September 30, 2019,** a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-267170** and is styled:

**HAPPY HOA CHUONG LLC VS PENN AMERICA INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

**SEAN H MCCARTHY**
**WILLIAMS KHERKHER HART BOUNDAS LLP**
**8441 GULF FREEWAY STE 600**
**HOUSTON TX 77017**
**713-230-2200**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION WITH INITIAL WRITTEN DISCOVERY** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 1st day of October, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Donald Evans_
Deputy District Clerk DONALD EVANS
Telephone: (281) 238-3276

**ORIGINAL**

19-DCV-267170                                    268th Judicial District Court
Happy Hoa Chuong LLC vs Penn America Insurance Company

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at ____o'clock ___M. on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each $ _____

_____
Name of Officer or Authorized Person

_____County, Texas

By: _____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

*My name is _____,
                          (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                      (Street, City, Zip)

_____ ,

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____ .

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**ORIGINAL**
Citation (Original Petition) issued to Penn America Insurance Company on 10/1/2019.

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK   **THE STATE OF TEXAS**
**NON-RESIDENT**
**CITATION**

**TO:**   **PENN AMERICA INSURANCE COMPANY**
**REGISTERED AGENT STEPHEN RIES**
**THREE BELA PLAZA EAST SUITE 300**
**CYNWYD PA  19004**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION WITH INITIAL WRITTEN DISCOVERY** filed on **September 30, 2019,** a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-267170** and is styled:

**HAPPY HOA CHUONG LLC VS PENN AMERICA INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

**SEAN H MCCARTHY**
**WILLIAMS KHERKHER HART BOUNDAS LLP**
**8441 GULF FREEWAY STE 600**
**HOUSTON TX 77017**
**713-230-2200**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION WITH INITIAL WRITTEN DISCOVERY** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 1st day of October, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Donald Evans_
     Deputy District Clerk DONALD EVANS
     Telephone: (281) 238-3276

**SERVICE**

**19-DCV-267170**                                    **268th Judicial District Court**
**Happy Hoa Chuong LLC vs Penn America Insurance Company**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ___M. on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $ _____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE** A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The
signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court,
the return shall be signed under penalty of perjury and contain the following statement:

*My name is _____,
                                        (First, Middle, Last)

my date of birth is_____ and my address is _____
                                                                                          (Street, City, Zip)

_____ *

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

Cause No.: 19-DCV-267170

| | | |
|---|---|---|
| **HAPPY HOA CHUONG, LLC** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **PENN AMERICA INSURANCE** | § | |
| **COMPANY** | § | **268TH JUDICIAL DISTRICT** |
| *Defendant* | § | |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **PENN-AMERICA INSURANCE COMPANY,** Defendant in the above-styled and numbered cause, and file this its Original Answer and in support of the same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Subject to all written stipulations, admissions or pleadings which Defendant may hereinafter make and file in this cause, Defendant generally denies the allegations contained in Plaintiff's Petition, pursuant to Rule 92, T.R.C.P. and demands strict proof thereof, to which Defendant is entitled under the laws of this State and its Constitution.

### II.
### AFFIRMATIVE DEFENSES

Pursuant to Tex. R. Civ. P. 94, Defendant affirmatively pleads the defense of statute of limitations as to any of Plaintiff's claims brought pursuant to the Texas Insurance Code. The underlying claim giving rise to this lawsuit was concluded on November 6, 2017. The Texas Insurance Code has a two-year statute of limitations. Plaintiff filed the above-styled and numbered lawsuit within the statute of limitations on September 30, 2019; however, Defendant was not served until December 13, 2019, after the statute of limitations had expired.

Accordingly, Plaintiff failed to exercise due diligence in accomplishing service upon this Defendant and therefore Plaintiff's causes of action with a two-year limitations period are untimely.

Defendant also pleads the affirmative defense that the damages from the claim of which Plaintiff complains are specifically excluded by the Policy. The Policy does not provide coverage for either interior water damage caused by a non-storm created opening or wear and tear.

<strong>CAUSES OF LOSS – SPECIAL FORM</strong>

**B.**   **Exclusions**

2.   We will not pay for loss or damage caused by or resulting from any of the following:

d.  (1) Wear and tear;

(2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

(3) Smog;

(4) Settling, cracking, shrinking or expansion;

(5) Nesting or infestation, or discharge or release of waste products or secretions, by insects, birds, rodents or other animals.

(6) Mechanical breakdown, including rupture or bursting caused by centrifugal force. But if mechanical breakdown results in elevator collision, we will pay for the loss or damage caused by that elevator collision.

(7) The following causes of loss to personal property:

(a) Dampness or dryness of atmosphere;

(b) Changes in or extremes of temperature; or

(c) Marring or scratching.

But if an excluded cause of loss that is listed in 2.d.(1) through (7) results in a "specified cause of loss" or building glass breakage, we

2

will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

**C.    Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

1.    We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

   c.    The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

   (1)    The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

   (2)    The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

Defendant hereby demands a jury.

WHEREFORE, PREMISES CONSIDERED, Defendant, **PENN AMERICA INSURANCE COMPANY,** prays that Plaintiff take nothing by this suit, but that this Defendant have judgment, plus costs of court, and such other and further relief to which it is entitled, either at law or in equity.

Respectfully submitted,

**GONZALEZ, CHISCANO, ANGULO & KASSON, PC**
9601 McAllister Fwy., Suite 401
San Antonio, Texas 78216
Tel:    (210) 569-8500
Fax:    (210) 569-8490


By:    /s/ Richard J. Kasson
      RICHARD J. KASSON
      State Bar No. 24002392
      rkasson@gcaklaw.com
      REBECCA ADUDDELL
      State Bar No. 24097280
      raduddell@gcaklaw.com

**ATTORNEYS FOR DEFENDANT, PENN
AMERICA INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

I hereby certify that on this the **6ᵗʰ** day of **January, 2020**, a true and correct copy of the foregoing instrument was duly served upon all counsel of record via the Court's electronic filing system, facsimile and/or regular mail:

Sean H. McCarthy
Email: smccarthy@whlaw.com
P. Griffin Bunnell
Email: gbunnell@whlaw.com
WILLIAMS HART BOUNDAS EASTERBY LLP
8441 Gulf Freeway, Ste 600
Houston, Texas 77017

Andrew C. Cook
Email: acc@texinsurancelaw.com
THE COOK LAW FIRM, PLLC
7324 Southwest Freeway, Suite 585
Houston, Texas 77074


/s/ Richard J. Kasson
RICHARD J. KASSON

Cause No.: 19-DCV-267170

| | | |
|---|---|---|
| **HAPPY HOA CHUONG, LLC** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **PENN AMERICA INSURANCE** | § | |
| **COMPANY** | § | **268TH JUDICIAL DISTRICT** |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

To The Honorable Judge of Said Court:

PLEASE TAKE NOTICE that on January 6, 2020, Defendant, Penn America Insurance Company ("PAIC") filed a Notice of Removal in the United States District Court for the Southern District of Texas, removing this case from the District Courts of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division. A copy of the Notice of Removal that was filed in federal court is attached as *Exhibit 1*. A copy of this Notice has been sent to Plaintiff.

PLEASE TAKE FURTHER NOTICE that the Notice of Removal has been filed in accordance with the provisions of 28 U.S.C. §§ 1441, 1446 and 1446(d), and pursuant to 28 U.S.C. § 1446(d), the District Courts of Fort Bend County, Texas shall proceed no further with the above-captioned case unless and until the case is remanded.

1

Respectfully submitted,

**GONZALEZ, CHISCANO, ANGULO & KASSON, PC**
9601 McAllister Fwy., Suite 401
San Antonio, Texas 78216
Tel:     (210) 569-8500
Fax:     (210) 569-8490

By:     /s/ Richard J. Kasson_____
        RICHARD J. KASSON
        State Bar No. 24002392
        rkasson@gcaklaw.com
        REBECCA ADUDDELL
        State Bar No. 24097280
        raduddell@gcaklaw.com
**ATTORNEYS FOR DEFENDANT,**
**PENN AMERICA INSURANCE COMPANY**


### CERTIFICATE OF SERVICE

I hereby certify that on this the **6th** day of **January, 2020**, a true and correct copy of the foregoing instrument was duly served upon all counsel of record via the Court's electronic filing system, facsimile and/or regular mail:

Sean H. McCarthy
Email: smccarthy@whlaw.com
P. Griffin Bunnell
Email: gbunnell@whlaw.com
**WILLIAMS HART BOUNDAS EASTERBY LLP**
8441 Gulf Freeway, Ste 600
Houston, Texas 77017
Tel:     (713) 230-2200
Fax:     (713) 643-6226

Andrew C. Cook
Email: acc@texinsurancelaw.com
**THE COOK LAW FIRM, PLLC**
7324 Southwest Freeway, Suite 585
Houston, Texas 77074
Tel:     (713) 401-2890
Fax:     (713) 643-6226

/s/ Richard J. Kasson_____
RICHARD J. KASSON

2

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                    Location : Fort Bend   Images Help

# REGISTER OF ACTIONS
## CASE NO. 19-DCV-267170

| | | |
|---|---|---|
| Happy Hoa Chuong LLC vs Penn America Insurance Company | §<br>§<br>§<br>§<br>§ | Case Type: **Contract - Other Contract**<br>Date Filed: **09/30/2019**<br>Location: **268th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant or Respondent** | **Penn America Insurance Company**<br>Cynwyd, PA 19004 | |
| **Plaintiff or Petitioner** | **Happy Hoa Chuong LLC** | **Sean H McCarthy**<br>*Retained*<br>713-230-2200(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 09/30/2019 | <u>Petition</u>      **Doc ID# 1** | |
| | *Plaintiff's Original Petition with Initial Written Discovery* | |
| 09/30/2019 | <u>Request</u>      **Doc ID# 2** | |
| | *Request for Process* | |
| 09/30/2019 | **Jury Fee Paid** | |
| | *Jury Fee Paid by Plaintiff's Attorney* | |
| 10/01/2019 | <u>Issuance</u>      **Doc ID# 3** | |
| | *Citation Issued to Penn America Insurance Company* | |
| 10/01/2019 | **Citation** | |
| | *eService* | |
| | Penn America Insurance Company      Served      12/13/2019 | |
| | Returned      12/17/2019 | |
| 12/17/2019 | <u>Officers Return</u>      **Doc ID# 4** | |
| | *Return of Service for Penn America Insurance Company Served 12/13/19* | |
| 01/06/2020 | <u>Answer/Contest/Response/Waiver</u>      **Doc ID# 5** | |
| | *DEFENDANT'S ORIGINAL ANSWER.* | |

---

### FINANCIAL INFORMATION

|  |  |  |  |
|---|---|---|---|
| **Defendant or Respondent** Penn America Insurance Company | | | |
| Total Financial Assessment | | | 40.00 |
| Total Payments and Credits | | | 40.00 |
| **Balance Due as of 01/06/2020** | | | **0.00** |
| 01/06/2020 | Transaction Assessment | | 40.00 |
| 01/06/2020 | E-filing | Receipt # 2020-00362-DCLK | Penn America Insurance Company | (40.00) |

|  |  |  |  |
|---|---|---|---|
| **Plaintiff or Petitioner** Happy Hoa Chuong LLC | | | |
| Total Financial Assessment | | | 340.00 |
| Total Payments and Credits | | | 340.00 |
| **Balance Due as of 01/06/2020** | | | **0.00** |
| 10/01/2019 | Transaction Assessment | | 340.00 |
| 10/01/2019 | E-filing | Receipt # 2019-64689-DCLK | Happy Hoa Chuong LLC | (340.00) |